UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIKA PARKER,<br><br>             Plaintiff,<br><br>       v.<br><br>SACRAMENTO POLICE DEPARTMENT et al.,<br><br>             Defendants. | No. 2:20-cv-00171-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The court previously granted plaintiff's request to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. (ECF No. 3.) Plaintiff subsequently filed an amended complaint. (ECF No. 4.)

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint is three pages long and includes the same two-page factual recitation contained in her original complaint. (Compare ECF No. 1 with ECF No. 4.) The additional page of her amended complaint is a recitation of causes of action, without factual assertions, and a demand for a billion dollars. (ECF No. 4 at 1.)

As the court previously found, plaintiff's complaint does not lay out, in plain terms, a statement of her claim or the relief she is seeking. Rather, plaintiff's complaint puts forth a multitude of seemingly unrelated incidents. For example, her complaint mentions police brutality, subliminal messages, lost fetuses, sexual assault, attempted poisoning, notorious gangs, and a presidential pardon. (See ECF No. 4.) While there may be relevant factual allegations contained in the amended complaint that might form the basis of an actionable claim, the court cannot currently determine the claim(s) she is asserting, or how this court has jurisdiction over her complaint. Thus, the court finds the allegations in plaintiff's complaint so vague and conclusory that they fail to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts that defendants engaged in that

1  support plaintiff's claim.  Id.  The additional page plaintiff added in her amended complaint does
2  not correct these problems as the page only contains a threadbare recitation of causes of action,
3  insufficient to survive dismissal.  See Iqbal, 129 S. Ct. at 1949.  Thus, plaintiff's complaint must
4  be dismissed.

5       If the court finds that a complaint should be dismissed for failure to state a claim, the court
6  has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126–
7  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
8  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130–31; see
9  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
10 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
11 clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v.
12 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is
13 clear that a complaint cannot be cured by amendment, the court may dismiss without leave to
14 amend.  Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of
15 liability either fall outside the limited waiver of sovereign immunity by the United States, or
16 otherwise are not within the jurisdiction of the federal courts").

17      The undersigned finds that, as set forth above, plaintiff has failed to state a claim for
18 which relief can be granted.  Plaintiff was previously provided an opportunity to amend her
19 complaint.  However, plaintiff's amended complaint is essentially identical to her original
20 complaint and still fails to give fair notice of her claim or to state the elements of a claim in a
21 plain and concise manner.  Accordingly, the undersigned finds that amendment would be futile
22 and therefore recommends dismissal without leave to amend.

23      Accordingly, it is HEREBY RECOMMENDED that:
24      Plaintiff's complaint be DISMISSED without leave to amend.
25      These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
27 after being served with these findings and recommendations, the parties may file written
28 objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.171.F&R